IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
June 20, 2018 Session

## EMERGENCY MEDICAL CARE FACILITIES P.C. v. BLUECROSS BLUESHIELD OF TENNESSEE INC., ET AL.

### Appeal from the Circuit Court for Madison County
### No. C-14-208    Donald H. Allen, Judge

---

### No. W2017-02211-COA-R3-CV

---

D. MICHAEL SWINEY, C.J., dissenting.

I respectfully dissent from the majority's decision in this case. I disagree with the majority's assertion that "the argument that diagnosis codes cannot be the standard upon which an emergency is determined for purposes of payment does not somehow make common issues predominate regarding the claims for which a $50.00 cap provision is operative." I would reverse the trial court as I believe that common issue predominates over all individual issues in this case.

In my judgment, the majority places too much emphasis on whether the $50 cap was allowed by law. The central and common issue is whether Defendants breached their contracts with class members by paying less than the agreed upon fees. Specifically, Defendants determined first whether the services rendered were emergent or non-emergent in character based solely upon the final diagnosis regardless of how the patient presented initially. If the service was categorized by the final diagnostic code as non-emergent, Defendants capped reimbursement at $50. It is Defendants' reliance on the final diagnostic code rather than the patient's initial presentation to decide whether to apply the $50 cap for non-emergency services that permeates EMCF's entire case against Defendants. However, we need not at this stage decide the merits of that question. We are tasked here instead with reviewing the trial court's decision on class certification.

In *Wofford v. M.J. Edwards & Sons Funeral Home, Inc.*, 528 S.W.3d 524 (Tenn. Ct. App. 2017), we affirmed a trial court's grant of class certification. In that case, a number of funeral homes were sued by certain next of kin and contract signees for leaving human remains at an unlicensed cemetery. The trial court conducted the

necessary rigorous analysis and certified the plaintiffs as a class. The funeral homes appealed to this Court, which affirmed the trial court. In relevant part, we held:

> The central issue in this case moving forward is whether a funeral home has a duty beyond dropping off human remains at the cemetery. This issue is common to all parties in this case. The Trial Court found it better to proceed toward adjudicating that question as a class action. Given that the alternative potentially is hundreds of separate trials with contradictory results, we agree.

*Wofford*, 528 S.W.3d at 543. Likewise, in the present case, whether Defendants breached their contracts by relying on a final diagnosis to determine whether to apply the $50 cap for non-emergency services is the central issue common throughout the entire class. In my view, any individualized differences are less significant than they were in *Wofford* because, for example, the potential damages can be calculated by EMCF's proposed method. Additionally, "[i]t is well established that the existence of separate issues of law and fact, *particularly regarding damages*, do not negate class action certification." *Meighan v. U.S. Sprint Comm'cns Co.*, 924 S.W.2d 632, 637 (Tenn. 1996) (emphasis added). Similarly, any defenses such as waiver all would sound in common evidence.

The majority notes correctly that our standard of review for this denial of class certification is abuse of discretion, a rather deferential standard. However, discretionary decisions are not completely immune from review. I, respectfully, dissent from the majority's opinion. I would reverse the decision of the trial court.

_____
D. MICHAEL SWINEY, CHIEF JUDGE